IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBIN LYNN RASBERRY                                                                    PLAINTIFF

vs.                                       Civil No. 4:11-cv-04062

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Robin Lynn Rasberry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on October 14, 2008.  (Tr. 9, 104-113). Plaintiff claims to be disabled due to seizures, sleep apnea, high blood pressure, and diabetes.  (Tr. 137).  Plaintiff alleges these illnesses, injuries, and conditions limit her in the following way:

> I never know when I am going to have a siezure [seizure] and when how long they will last.  I have complications from my diabetes.  I have folcal [focal] seizures, I

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

>have two light TEAs [TIA's or transient ischemic attacks] that lasted for 2 weeks that
>I could not move.  I may have my driver's license cancelled.

*Id.*  Plaintiff alleged an onset date of March 1, 2003.  (Tr. 104, 107, 137).  These applications were denied initially and again upon reconsideration.  (Tr. 52-55).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 71-72, 25-51).  Plaintiff's administrative hearing was held on April 8, 2010 in Little Rock, Arkansas.  (Tr. 25-51).  Plaintiff was present and was represented by Charles Barnette at the hearing in this matter. *Id.*  Plaintiff, Plaintiff's son, and Vocational Expert ("VE") Mack Wells testified at this hearing.  *Id.*   At this hearing, Plaintiff reported being forty-six (46) years old.  (Tr. 28).  Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI).  Further, Plaintiff testified she had completed the tenth grade in school, obtained her GED, and completed several general education courses at a junior college.  (Tr. 28).

On July 21, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 9-19).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2006.  (Tr. 11, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2003, her alleged onset date.  (Tr. 12, Finding 2).The ALJ determined Plaintiff had the following severe impairments: seizure disorder, migraine headaches, diabetes mellitus, history of transient ischemic attacks (TIA's), left-sided bodily numbness, lower back disorder, morbid obesity, and depressive disorder.  (Tr. 12, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [footnote omitted] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). However, he [she] is limited to occasional balancing, stooping, kneeling, crouching, crawling, or climbing ramps and stairs, and is precluded from climbing ladders, ropes, or scaffolds and exposure to extreme temperature and hazards such as unprotected heights and dangerous moving machinery. Furthermore, the claimant is able to perform work where interpersonal contact is routine but superficial, the complexity of the task is learned by experience involving several variables and judgment within limits, and little supervision is required for routine tasks; but detailed supervision is required for non-routine tasks. In essence, she can do semi-skilled work.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18-19, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 50). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform her PRW as an office worker or bookkeeper and co-store manager. (Tr. 18-19, Finding 6). Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 1, 2003 (alleged onset date) through July 21, 2010 (ALJ's decision date). (Tr. 19, Finding 17).

Thereafter, Plaintiff' requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968 (2011). The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 6, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 1, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

   To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**  **Discussion:**

  In her appeal brief, Plaintiff raises the following three claims: (1) the ALJ erred by giving improper weight to the opinion of her treating physician; (2) the ALJ erred in evaluating her severe impairments and other non-exertional limitations; and (3) the ALJ erred in assessing her RFC and considering her migraine headaches and seizures.  ECF No. 10.  Because this Court agrees with Plaintiff's third argument and finds the ALJ improperly evaluated her RFC and subjective complaints, this Court will only address the third issue Plaintiff raised.

  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused almost entirely upon Plaintiff's medical records and stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 14-15). In discounting Plaintiff's subjective complaints, the ALJ should have considered more than the medical evidence. The ALJ should have also evaluated the *Polaski* factors. *See Polaski,* 739 F.2d at 1322. Thus, this case must be reversed and remanded for further consideration consistent with the requirements of *Polaski*.[3]

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day June of 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.